UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
VALHALLA INVESTMENT PARTNERS,
L.P.; VIKING FUND, LLC; VIKING IRA
FUND, LLC; VICTORY FUND, LTD.;
VICTORY IRA FUND, LTD.; and SCOOP
REAL ESTATE, L.P.,

     Plaintiff,

v.                                                                  Case No. 8:10-CV-246-T-17MAP

BISHOP FRANK J. DEWANE, as
Corporation Sole of the Diocese of Venice in
Florida; and DIOCESE OF VENICE IN
FLORIDA, an unincorporated religious
Organization,

     Defendants.

_____/

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

     This case involves a lawsuit by Plaintiff, Burton W. Wiand, as Receiver for Valhalla

Investment Partners, L.P.; Viking Fund, LLC; Viking IRA Fund, LLC; Victory Fund, Ltd.;

Victory IRA Fund, Ltd., and Scoop Real Estate, L.P.; ("Plaintiff") to recover funds from

Defendants, Bishop Frank J. Dewane and the Diocese of Venice in Florida ("Defendants") under

the Florida Uniform Fraudulent Transfer Act ("FUFTA"; see Fla. Stat. § 726.101 et seq.) and for

unjust enrichment.  Defendants moved to dismiss the amended complaint, and made the

following arguments: (1) that the complaint failed to meet the specificity requirements of Rule

9(b) of the Federal Rules of Civil Procedure; (2) that the amended complaint failed to state a

claim under Rule 12(b)(6); (3) that certain FUFTA claims are time barred; and (4) that the

*1*

Defendants are subsequent transferees that took in good faith and, therefore, the fraud claim is not voidable under Florida Statute Section 726.109(1).

This Court, under authority of 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 6.02, Local Rules of the Middle District of Florida, referred the motion to the Honorable Mark A. Pizzo, United States Magistrate Judge, by Order of Referral dated February 2, 2010 (Doc. No. 4). After considering the parties' submissions and oral arguments, Judge Pizzo, on July 11, 2011, filed a Report and Recommendation ("R & R") (Doc. No. 54) in which he recommends that the motion to dismiss be granted with regard to certain transfers that occurred more than four years before Plaintiff filed the initial complaint, and that the motion be denied in all other respects.

On July 25, 2011, Plaintiff filed its Limited Objection to the Magistrate Judge's July 7, 2011 R & R (Doc. No. 58) ("Plaintiff's Objections"). After reviewing Judge Pizzo's findings in light of Plaintiff's objections, this Court adopts the Magistrate Judge's report and recommendation.

## I.    STANDARD OF REVIEW

Under the Federal Magistrate's Act, 28 U.S.C. § 636, a United States District Judge may designate a United States Magistrate Judge to conduct hearings in order to submit proposed findings of fact and recommendations in an R & R for the disposition of a motion to dismiss. 28 U.S.C. § 636(b)(1)(B). Within fourteen days after being served with a copy of the R & R, any party may file written objections to the proposed findings and recommendations, and the district judge "shall make a *de novo* determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1560 (M.D. Fla. 1993). For portions of the R & R to which no objections are made,

2

the district judge should review the findings under the clearly erroneous standard. *Id.* at 1562. The clearly erroneous standard "is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Const. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993). After such review, the district judge may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## II.     BACKGROUND

The lawsuit in this case stems from a Securities and Exchange Commission (SEC) enforcement action addressing the aftermath of a massive Ponzi scheme that Arthur Nadel, a hedge fund manager, perpetuated. *See SEC v. Arthur Nadel, et al.*, Case No. 8:09-cv-87-T-26TBM (M.D. Fla.). Plaintiff was appointed the receiver in that action, and is attempting to recover funds that Defendants received in the form of charitable contributions from Nadel's scheme. Plaintiff has sued Defendants under FUFTA and for unjust enrichment in order to recover the funds.

## III.    FINDINGS TO WHICH THERE WERE NO OBJECTIONS

No objections were filed to the R & R's findings that (1) the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure was inapplicable to FUFTA claims because unlike common law fraud claims, FUFTA claims are asserted against a person or entity that did not deal directly with the plaintiff and therefore the plaintiff generally possesses little information about the alleged transfer; (2) the plaintiffs adequately stated a claim for actual fraud under Fla. Stat. § 725.105(1)(a); (3) the plaintiffs adequately stated a claim for constructive fraud under Fla. Stat. §§ 726.105(1)(b) and 726.106(1); (4) the defendants' equitable defense that it was a subsequent transferee should not be considered at the motion to dismiss stage; and (5)

3

the statute of limitations barred plaintiffs' unjust enrichment claims for transfers dated before January 20, 2006, four years prior to the original complaint. Additionally, no objections were filed regarding the recommendation that the Defendants' Motion to Strike be denied.

The Court has reviewed these findings and determines that they are not clearly erroneous. Therefore, the court adopts in full the findings of the R & R to which there were no objections, and incorporates these findings by reference.

## IV.   PLAINTIFF'S OBJECTIONS INVOLVING WHETHER CERTAIN CLAIMS ARE TIME-BARRED

The Plaintiff filed a limited objection to the R & R, arguing that the R & R incorrectly concluded that certain FUFTA claims were time-barred because looked it only at Fla. Stat. § 726.110 and failed to consider and apply equitable tolling or the continuing wrong doctrine. (Doc. 58). The Receiver concedes that "[i]f that FUFTA language was the only consideration . . . then the R & R would have reached the correct result," but that "neither FUFTA nor other law or rule precludes application of tolling or similar doctrines, such as the continuing wrong doctrine." (Doc. 58). The Court has conducted a *de novo* review of the R & R's finding that the plaintiff's FUFTA claims for constructive fraud under Fla. Stat. § 726.110 are time-barred, and determines that the claims are indeed time-barred, and that neither equitable tolling nor the continuing wrong doctrine apply, for reasons discussed below.

A. FUFTA Claims

A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate when it is "apparent from the face of the complaint" that the claim is time-barred. *LaGrasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Under Fla. Stat. § 726.110:

4

> A cause of action with respect to a fraudulent transfer or obligation . . . is extinguished unless action is brought
>
> (1) Under § 726.105(1)(a), within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant;
>
> (2) Under § 726.105(1)(b), within four years after the transfer was made or the obligation was incurred.

The magistrate judge correctly determined that although the statute contains a discovery provision for actual fraud under Fla. Stat. § 726.105(1)(a), which permits claims for such fraud to be brought within one year of the discovery of the fraud, the statute does not include such a provision for constructive fraud under Fla. Stat. § 726.106(1). The R & R explained that "[a] well-settled principle of statutory construction provides that when the legislature has included a specific provision in one part of the statute and omitted it in another part of the same statute, the court must assume the omission was intentional." (R & R at 13). Thus, from the plain language of the statute and basic principles of statutory construction, it is clear that the Plaintiff's constructive fraud claims under Fla. Stat. § 726.106(1) dated prior to January 20, 2006, are time-barred under Fla. Stat. § 726.110.

### B. Equitable Tolling

"Equitable tolling is a doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Ellis v. General Motors Acceptance Corp.,* 160 F.3d 703, 706 (11th Cir.1998). Equitable tolling should be "applied sparingly" by the courts. *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling is available and appropriate where the plaintiff untimely files his complaint because of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.,* 177 F.3d 1269, 1271 (11th Cir. 1999).

Under Florida Statutes § 95.051(1), eight circumstances are enumerated under which the running

of time under any statute of limitations is tolled. Absent from this list is any circumstance which

could be relevant to this case. Additionally, § 95.051(2) expressly precludes the use of any

tolling provision not listed: "No disability or other reason shall toll the running of any statute of

limitations except those specified in this section, § 95.091, the Florida Probate Code, or the

Florida Guardianship Law." While the Plaintiff argues that the legislature "has not expressed

any intent to preclude tolling doctrines from applying to FUFTA claims," this is incorrect

because the legislature could have included either a discovery provision within § 726.110 for

constructive fraud, or it could have included a relevant provision among the enumerations in §

95.051. However, the legislature did neither, and thus, the legislature has made clear its intent to

exclude all tolling exceptions not listed in the statute. *HCA Health Servs. of Florida, Inc. v.*

*Hillman,* 906 So.2d 1094, 1098–1100 (Fla.Dist.Ct.App.2004). As a result, equitable tolling does

not apply in this case.

   C. Continuing Wrong Doctrine

       The Plaintiff argues that the continuing wrong doctrine should apply to this case because

of the allegations of a continuous Ponzi scheme that defrauded the investors. The Plaintiff cites

two cases for support of this argument, *Halkey-Roberts Corp. v. Mackal*, 641 So. 2d 445, 447

(Fla. 2d DCA 1994) and *Laney v. Am. Equity Inv. Life Ins. Co.*, 243 F. Supp.2d 1347, 1357

(M.D. Fla. 2003); however, neither case is directly on point with the circumstances of this case.

Both cases recognize the continuing tort doctrine, which tolls the statute of limitations for certain

continuous *tortious* conduct. But, in this case, the Plaintiff has brought statutory claims under

FUFTA, and does not provide support for applying the continuous tort doctrine to a FUFTA

claim. *See In re Burton Wiand Receivership Cases*, 2008 WL 818504, *9 (M.D. Fla. Mar. 26,

2008) (noting the lack of authority for application of the continuing tort doctrine to FUFTA, since a FUFTA claim "is not . . . an independent cause of action in tort"). Therefore, the court finds that the continuing tort doctrine does not apply to constructive fraud under Fla. Stat. § 726.106(1).

## V.   CONCLUSION

The Court has reviewed all findings of the magistrate judge in the R & R, and adopts the R & R by reference herein. Accordingly, it is hereby

### ORDERED:

1. The motion to dismiss is **GRANTED** as to the Plaintiff's constructive fraud claims (Count One) brought under the Florida Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.105(1)(b) or 726.106(1), and the Plaintiff's unjust enrichment claims (Count Two) pertaining to transfers dated before January 20, 2006.

2. In all other respects, the motion to dismiss is **DENIED**.

3. The amended motion to strike is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of September, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.